UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNATHAN SAMUEL HARRIS,
    Plaintiff,

vs.                                                  Case No.: 3:20cv2336/LAC/EMT

GREGORY WISE,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Upon review of the complaint, it is evident the facts as presented fail to support a viable claim for relief. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend") (internal marks omitted). The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff names one Defendant in his complaint—Gregory Wise. Plaintiff's complaint stems from Defendant's representation of him in one or more criminal cases pending in Escambia County Circuit Court. Specifically, Plaintiff says he "retained counsel services from Greg Wise in his criminal cases which are currently in circuit court under Judge Clark and signed a contract therein for services rendered through the court process and through trial" (ECF No. 1 at 5). Plaintiff claims he paid Defendant $4,300.00 "for no primary services rendered and no trial appearance or completed motions, to modify the petitioner's criminal plea, which is why he was hired" (*id.*). Plaintiff also complains that Defendant filed a motion for substitution of counsel without his knowledge or consent and continued accepting payment thereafter (*id.*). Plaintiff asserts claims for violation of his "CPA rights," breach of contract, fraud, and "services not rendered" (*id.* at 7). As relief, he seeks return of the $4,300.00 he allegedly paid Defendant.

In order to prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* at 1303. "[T]he under-color-of-state-law element of § 1983 excludes from its

reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal marks omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal marks omitted).

Plaintiff has set forth no allegations whatsoever from which one could reasonably conclude that the sole Defendant in this case was a state actor for purposes of § 1983. Rather, it is clear from the allegations in the complaint that Defendant is a private individual with whom Plaintiff contracted for legal services and thus cannot be held liable under § 1983. Moreover, Plaintiff has alleged only state law claims, including for breach of contract; he has not alleged a constitutional violation or a violation of federal law, as required to sustain a § 1983 claim. Plaintiff thus has plainly failed to state a viable § 1983 or allege facts from such a claim could even conceivably arise.

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). As set forth above, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief under § 1983. It also is apparent Plaintiff cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiffs' complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of September 2020.

>/s/ Elizabeth M. Timothy
>**ELIZABETH M. TIMOTHY**
>**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**